STATE OF WEST VIRGINIA *v.* CHARLEY NAYLOR *et al.*

(No. 7471)

Submitted February 28, 1933. Decided March 7, 1933.

*J. E. Springston,* for plaintiff in error.

*H. B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

Appellant Naylor was jointly indicted, tried and convicted with Carl Hall and John Hall for a consummated conspiracy to blow up a gas main of United Fuel Gas Company. The state proved that the two Halls were seen in the proximity

of the main on the night it was blown up, with something in a coffee sack, and that both Halls were drunk and Carl declared they were going to see how high they could blow the gas line. Naylor was not seen with them on that occasion. The attorney general relies specifically on the testimony of Cecil Hall, Lola Stanley and W. S. Pullen to connect Naylor with the crime. Naylor contends the evidence of those witnesses is insufficient.

Cecil Hall was a witness for the state. He gave no incriminating evidence against Naylor. Counsel for the state read to Hall a written statement which did incriminate Naylor and asked Hall if he made it. Hall said the signature looked "a right smart" like his, but denied recollection of executing the statement and refused to confirm it. The statement was not even offered in evidence. The reliance of the state on Cecil Hall is not well placed.

Lola Stanley heard Carl Hall say he blew up the gas line and Charley Naylor helped him. It is not clear from the record that Naylor was present at that conversation. Mrs. Stanley referred to a later conversation with both Hall and Naylor on the same subject, but could not recall that Hall then charged Naylor with participation in the conspiracy. The evidence of Mrs. Stanley is not exact enough to be admissible against Naylor.

W. S. Pullen testified that several weeks before the gas line was blown up he heard John Hall say something about an investigation of some charges (blowing up another gas line) against him but did not recall the details. Another witness who heard that conversation testified that Hall then threatened to shoot more lines if the gas company did not give him free gas. Naylor came with Hall to see Pullen but took no part in the conversation. The above testimony goes no further than to associate Naylor with "bad company" and show his knowledge of Hall's threat.

The evidence against Naylor signally fails to sustain conviction, and the judgment below is reversed, the verdict set aside, and a new trial awarded him.

*Reversed; verdict set aside; new trial awarded.*